UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY  DIVISION

EDWARD BINDER,                          )
                                        )
            Plaintiff,                  )
                                        )
      vs.                               )        4:06-cv-71-JDT-WGH
                                        )
                                        )
ATLANTIC CREDIT & FINANCE, INC.,        )
NATIONWIDE RECOVERY SYSTEMS,            )
LTD., also known as NATIONWIDE          )
RECOVERY SYSTEMS, L.P., and             )
MIDWAY COLLECTIONS, INC.,               )
                                        )
            Defendants.                 )

**Entry on Plaintiff's Motion for Class Certification (Doc. No. 19) and Order
Regarding Proposed Notice to Class Members[1]**

This is an action under the Fair Debt Collection Practices Act (FDCPA).  The

Plaintiff seeks class action certification.  The Defendants oppose the motion.


**I.  Background**


The Plaintiff, Edward Binder, alleges that the Defendants, Nationwide Recovery

Systems, Ltd. ("NRS"), and Midway Collections, Inc., engaged in credit and collection

practices in violation of the FDCPA.   He claims that in March 2006, NRS sent him the

collection letter attached as Exhibit A to his supporting memorandum in an attempt to

collect an allegedly defaulted debt incurred for personal, family or household purposes,

---

[1]  This Entry is a matter of public record and will be made available on the court's web
site.  However, the discussion contained herein is not sufficiently novel to justify commercial
publication.

and he received it shortly thereafter.  He also claims that the collection letter was sent on behalf of Atlantic Credit & Finance, Inc. ("Atlantic Credit"), and was the initial letter he received from NRS concerning this debt.[2]  He believes that Exhibit A is a form intended for use by NRS as the initial demand letter it sends to a consumer.  The letter states that the debt consists of "PRINCIPAL DUE:" of "$2612.65" and "INTEREST DUE:" of "$0.00."  It is alleged that based on the normal practices of a creditor with respect to its credit card debts, a significant portion of the debt consists of interest, including interest accrued after the debt became delinquent and/or charged off.

Mr. Binder seeks certification of the following class: "All natural persons with Indiana addresses (a) to whom defendant Nationwide Recovery Systems, Ltd. sent a letter seeking to collect a credit card debt, (b) that lists as "interest" an amount less than the unpaid finance charges imposed on the account, (c) which letter was sent during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action."[3]  He also seeks certification of a subclass consisting of class members whose debts are owned by Atlantic Credit & Finance, Inc.

## II.  Discussion

For class certification, the plaintiff must meet all four prerequisites of Federal Rule of Civil Procedure 23(a) – (1) numerosity; (2) commonality; (3) typicality; and (4)

---

[2]  On August 21, 2006, the court granted the Plaintiff's motion to voluntarily dismiss without prejudice the claims against then Defendant Atlantic Credit.

[3]  May 9, 2005, was the date one year prior to the filing of the Complaint.  May 29, 2006, was twenty days after that filing.

2

representativeness – and satisfy one of the three subsections of Rule 23(b).  *Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002).  The failure to meet any of Rule 23(a)'s requirements precludes class certification.  *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).  According to the Plaintiff, the requirements of Rule 23(a) have been satisfied as well as the requirements of 23(b)(3) – common questions of law or fact predominate over questions involving individual members and a class action is superior to other forms of adjudication.  The Defendants challenge whether the Plaintiff can establish typicality and representativeness.  They further contend that common questions do no predominate over individual ones.

According to the Defendants, Mr. Binder's claims are not typical of the claims of the class because he has admitted that he was not confused, deceived or misled by the collection letter.  However, the Defendants misunderstand the class for which certification is sought.  The class does not consist of persons to whom the form collection letter was sent and who were confused by the letter.  Instead, certification is sought for a class of persons to whom the defendants sent the letter misstating the amount of interest due.  This case is similar to the situation in *Jackson v. National Action Financial Services*, 227 F.R.D. 284 (N.D. Ill. 2005), in which the court granted class certification.  *See id.* at 288 (rejecting argument that plaintiff's claims were not typical of the class because he was not confused by the collection letters where he sought to certify a class of individuals who received the allegedly misleading letters).

*Turner v. Diversified Adjustment Service, Inc.*, No. 00 C 463, 2000 WL 748124 (N.D. Ill. May 31, 2000), on which the Defendants rely, is not on point.  The complaint in

3

*Turner* alleged that the defendant's communications were confusing, but the plaintiff testified that he did not find one of the defendant's communications confusing.  *Id.* at *2. The court therefore found the plaintiff's testimony inconsistent with the theory advanced in the complaint and decided that his claims were not typical of the class.  *Id.*

In this case, Mr. Binder need not prove that he or any class member was confused by the collection letter in order to establish a FDCPA violation.  The Complaint expressly alleges that the misstatement was a false means in connection with the collection of a debt, a false representation of the character of the debt, and a false representation used to collect or attempt to collect a debt.  *See* 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(10).  None of these alleged FDCPA violations require proof of consumer confusion.  While the Complaint also hints that the misstatement was deceptive and misleading as well (*see* Compl. ¶ 21 ("It is unfair to consumers . . . to hide the true character of the debt")), Mr. Binder need not prove this in order to prevail. It is enough to prove that the statement regarding $0 interest due was false.

The Defendants contend that Mr. Binder is not an adequate class representative for two reasons.  First, they argue that his claims are subject to defenses that are peculiar to him, *i.e.*, he was not confused or misled by the collection letter.  This argument goes nowhere, see *supra*.  They also argue that he is not sufficiently involved in the litigation or knowledgeable about it to protect the class's interests.

The adequacy of representation has two parts: "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the

4

different, separate, and distinct interest" of class members.  *Retired Chi. Police Ass'n*, 7 F.3d at 598.  The Defendants do not challenge the adequacy of counsel, and it appears from the declaration of Daniel Edelman that counsel are adequate based on their education and experience, particularly that under the Fair Debt Collection Practices Act and in class actions.

As for Mr. Binder, he is not like the named plaintiffs in *Smyth v. Carter*, 168 F.R.D. 28 (W.D. Va. 1996), on which the Defendants rely.  The named plaintiffs in *Smyth* not only showed a lack of understanding about the case but also had demonstrated a lack of truthfulness and responsibility.  *Id.* at 33.  The court relied on all of these considerations in finding them inadequate class representatives.  *Id.* at 33-34.

Mr. Binder's situation is more like that of the named plaintiff in *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363 (1966).  In that case, the named plaintiff demonstrated that "she did not understand her complaint at all, that she could not explain the statements made in the complaint, that she had a very small degree of knowledge . . . [about] the lawsuit . . . , that she did not know any of the defendants by name, [and] that she did not know the nature of their alleged misconduct . . . ."  *Surowitz*, 383 U.S. at 366.  However, she did know that she had invested money in some stock and was not earning any dividends and that her attorney son-in-law had investigated and believed something was wrong.  *Id.* at 370.  The named plaintiff's lack of knowledge was not enough to subject her derivative action to dismissal.  *Id.* at 373; *see also Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981) (stating that the *Surowitz* plaintiff's lack of knowledge was not enough to defeat class certification).

5

Mr. Binder has demonstrated some knowledge of and personal involvement in this case. He understands that the alleged violation is the statement on the collection letter that interest due was $0.00. (Binder Dep. at 29-30, 43, 45.) He has had several contacts with his attorneys (*id.* at 53-54), he has read the complaint (*id.* at 58), and he has been deposed. Moreover, Mr. Binder is aware of his responsibility to the class members (*id.* at 43-44) and understands that as class representative he should take their interests into account (*id.* at 52). In fact, he testified that if Circuit City offered to delete his credit card debt in exchange for his dismissal of this lawsuit, he would agree to dismiss only if the rest of the class got the same thing. (*Id.* at 59-60.) If only his debt would be deleted, then he would not drop the lawsuit. (*Id.* at 60.) Mr. Binder has shown sufficient knowledge about this case and involvement in it to adequately represent the class.

Though the Defendants do not challenge the Plaintiffs' ability to establish numerosity and commonality, the court briefly considers whether these prerequisites have been satisfied. Courts generally have recognized that a class of forty is sufficient to meet the numerosity requirement. *See Jackson*, 227 F.R.D. at 287. The Plaintiff alleges on information and belief that the class has more than fifty members. (Compl. ¶ 23.) Other courts have found the numerosity requirement met where the defendant sent a form letter on behalf of a company that serves a large number of individuals. *See, e.g.*, *Colbert v. Trans Union Corp.*, Civ. A. No. 93-6106, 1995 WL 20821, at *1 (E.D. Pa. Jan. 12, 1995). Given the use of the form letter in this case, the court presumes that the class would be so numerous such that joinder of all its members as plaintiffs would

6

be impractical.[4]  As for commonality, courts have found a common nucleus of operative fact where the class claims under the FDCPA arise out of the use of a form document. *See Jackson*, 227 F.R.D. at 287.  The proposed class consists of persons with Indiana addresses to whom NRS sent a collection letter misrepresenting the interest due.  The common question is whether such a collection letter violates the FDCPA.  Commonality is satisfied.

Moving on to Rule 23(b), the Defendants contend that individual questions predominate over any common questions.  According to the Defendants, the court will have to decide whether the amount listed as interest on the letter to each class member was less than the finance charges imposed on the account, which also presents other questions of fact.  These include whether the credit agreement allows capitalization of unpaid interest and its addition to the principal, what the amount of accrued interest was and how much of that was added to the principal.

Defendants rely on *Thompson v. Spinelli*, No. 04 8224, 2005 WL 2483376 (N.D. Ill. Oct. 5, 2005), *Rogers v. Wexler*, No. 01 C 1943, 2002 WL 484894 (N.D. Ill. March 28, 2002), and *Blair v. Supportkids, Inc.*, No. 02 C 0632, 2003 WL 1908031 (N.D. Ill. April 18, 2003), for support.  In *Thompson*, the plaintiffs sought certification of a class of persons sent a collection letter by the defendants that referred to a credit card payment processing fee.  2005 WL 2483376, at *1.  The court found that plaintiffs did not show

---

[4]  The Plaintiff's reply says that the underlying debt was a credit card debt to Circuit City. (Reply 13.)  There likely are many more than fifty persons in Indiana who have Circuit City cards.  Common sense suggests that there are more than fifty persons who have debts on such cards that have been charged-off and perhaps purchased by Atlantic Credit.

that common issues predominated because it would have to examine each of 4,900 credit agreements to determine whether the agreement authorized such a fee.  *Id.* at *3. In *Rogers*, the court, in dicta, concluded that the predominance requirement was not met where the alleged violation of the FDCPA turned on whether the attorney's fee request was reasonable.  2002 WL 484894, at *5.  The issue in *Blair* was whether the form notice sent regarding child support was fraudulent.  To determine this question, the court would have to delve into the support obligations of every allegedly delinquent husband or father.  *Id.* at *5.

Similar concerns over individual questions predominating can be avoided here. The court has the discretion to modify the definition of the proposed class.  *See Keele v. Wexler*, No. 95 C 3483, 1996 WL 124452, at *5 (N.D. Ill. March 19, 1996) (stating that "courts retain broad power to modify the definition of a proposed class"); *Metcalf v. Edelman*, 64 F.R.D. 407, 409 (N.D. Ill. 1974) ("It is within the prerogative of the court to construct a definition of the class.").  It is common knowledge that credit card companies impose finance charges on the balances that are due and owing.  Indeed, it would be a drastic exception from the norm if a credit card company did *not* impose such charges.  The potential need for individual inquiries is avoided if the definition offered in the Plaintiff's reply is adopted: "all Indiana residents to whom defendants mailed a collection letter in the form of Exhibit A to plaintiff's complaint, in an attempt to collect a defaulted credit card debt, where the letter represented "INTEREST DUE $0. . . ."  (Reply 13.)

8

The court believes that common questions of law and fact predominate over any individual questions.  The common question is whether the letters sent to the class violate the FDCPA.  Given the basis for the alleged FDCPA violation and the class description, this requirement is satisfied.  *See, e.g., Jackson*, 227 F.R.D. at 290. Finally, a class action is superior to other forms of adjudication.  The potential damages to any class member may be too inconsequential to provide an incentive for any of them to pursue their own claims, members may be unaware that their rights may have been violated, and they likely may be unable to retain their own counsel.  *See, e.g., id.*  A class action is likely to further judicial economy as well.  *See* 15 U.S.C. § 1692k(a)(2)(B), (b)(2) (expressly providing for class actions in FDCPA cases); *Dawson v. Allied Interstate, Inc.*, No. 04 C 6618, 2005 WL 1692606, at *1 (N.D. Ill. July 13, 2005) ("Generally, class action certification is appropriate for FDCPA claims.").

The Plaintiff also sought certification of a subclass of class members whose debts are owned by Atlantic Credit.  He offers no explanation for seeking certification of this subclass or what might be gained by such certification.  In the absence of any such argument, the court declines to certify a subclass at this time.

**III.  Conclusion**

For the foregoing reasons, the Plaintiff's Motion for Class Certification (Doc. No. 19) is **GRANTED**.  The court will certify a class action with the class defined as "All Indiana residents to whom Nationwide Recovery Systems, Ltd., also known as Nationwide Recovery Systems, L.P., sent a collection letter seeking to collect a credit

card debt that represented "INTEREST DUE $0.00" which letter was sent during a period beginning on May 9, 2005, and ending on May 29, 2006.

Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure requires that notice of the class action be given to the class members. The Plaintiff is **ORDERED** to file no later than **March 2, 2007**, a proposed notice to class members as contemplated by the rule. The Defendants are **ALLOWED** to and including **March 16, 2007**, within which to file a response, and the Plaintiff is **ALLOWED** to and including **March 30, 2007**, within which to file a reply.

An appropriate order certifying this as a class action will be entered when the court approves a notice to be sent to class members pursuant to Rule 23(c)(2)(B).

ALL OF WHICH IS ORDERED this 16th day of February 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge William G. Hussmann, Jr.

Daniel A. Edelman
Edelman Combs Latturner & Goodwin, LLC
courtecl@edcombs.com

Peter E. Pederson Jr.
Hinshaw & Culbertson, LLP
ppederson@hinshawlaw.com

David M. Schultz
Hinshaw & Culbertson
dschultz@hinshawlaw.com

Michelle R. Teggelaar
Edelman Combs Latturner & Goodwin, LLC
mteggelaar@edcombs.com

10